| STATE OF TENNESSEE<br>20ᵀᴴ JUDICIAL DISTRICT<br>CHANCERY COURT | **COPY**<br>**SUMMONS** | CASE FILE NUMBER<br>15-400-I |
|---|---|---|
| PLAINTIFF<br>SALLY MAIDEN | DEFENDANT<br>ADVANCED RX MANAGEMENT | |

| TO: (NAME AND ADDRESS OF DEFENDANT)<br>Advanced RX Management<br>c/o Jeffrey Asevedo - Registered Agent<br>4863 Chabot Drive, Suite 200<br>Plantation, CA 94588<br><br>List each defendant on a separate summons. | Method of Service:<br><br>☐ Certified Mail<br>☐ Davidson Co. Sheriff<br>☐ *Comm. Of Insurance<br>☒ *Secretary of State<br>☐ *Out of County Sheriff<br>☐ Private Process Server<br>☐ Other<br>*Attach Required Fees |
|---|---|

**YOU ARE SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CHANCERY COURT, DAVIDSON COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU. YOU MUST FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.**

| Attorney for plaintiff or plaintiff if filing Pro Se:<br>(Name, address & telephone number)<br>Mathew R. Zenner (#018969)<br>McCune Zenner Happell, PLLC<br>5200 Maryland Way, Suite 120<br>Brentwood, TN 37027<br>615-425-3476 | FILED, ISSUED & ATTESTED<br><br>MAR 3 0 2015<br><br>CRISTI SCOTT, Clerk and Master<br>By:     1 Public Square<br>        Nashville, TN 37201<br><br>Deputy Clerk & Master |
|---|---|

### NOTICE OF DISPOSITION DATE

The disposition date of this case is twelve months from date of filing. The case must be resolved or set for trial by this date or it will be dismissed by the Court for failure to prosecute pursuant to T.R.C.P. 41.02 and Local Rule 18.

If you think the case will require more than one year to resolve or set for trial, you must send a letter to the Clerk and Master at the earliest practicable date asking for an extension of the disposition date and stating your reasons. Extensions will be granted only when exceptional circumstances exist.

| TO THE SHERIFF: | DATE RECEIVED<br><br><br>Sheriff | 2015 APR 14 PM 4:08<br>TRE HARGETT<br>SECRETARY OF STATE<br>RECEIVED<br>STATE OF TENNESSEE |
|---|---|---|

***Submit one original plus one copy for each defendant to be served.

♦ADA Coordinator, Cristi Scott (862-5710)



EXHIBIT A

IN THE CHANCERY COURT OF DAVIDSON COUNTY
STATE OF TENNESSEE

| | |
|---|---|
| SALLY MAIDEN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 15-400-I ) |
| ADVANCED RX MANAGEMENT, | ) Jury Demand ) |
| Defendant. | ) ) |

## COMPLAINT

Plaintiff, Sally Maiden, for her cause of action against Defendant Advanced Rx Management states:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Sally Maiden, is a resident of the State of Tennessee currently residing Goodlettsville, TN 37072.

2. Defendant, Advanced Rx Management, Inc. is a California corporation with a principal address of 4863 Chabot Drive, Suite 200, Pleasanton, CA 94588. Advanced Rx Management may be served through its registered agent for service of process, Jeffrey Asevedo, 4863 Chabot Drive, Suite 200, Pleasanton, CA 94588.

3. Jurisdiction and venue are proper in the Chancery Court of Davidson County as this claim for discrimination brought pursuant the *Tennessee Human Rights Act, T.C.A. §4-21-401 et. seq.* arises out of Plaintiff's employment in Hermitage, TN.

1

## FACTUAL ALLEGATIONS

4. Advanced Rx Management (Advanced Rx) is a Point of Care Management Company provides clinical and compounding pharmacy services to existing health care providers.

5. Plaintiff is female licensed Pharmacy Technician with over ten years of experience. In November, 2014 Plaintiff was hired as a Pharmacy Technician by Advanced Rx to work at the pharmacy it operates at Spine, Joint & Neuromuscular Rehabilitation in Hermitage, Tennessee earning $15.50 an hour, and working 40 hours per week.

6. At the time of her hire Plaintiff was pregnant, although that information was neither sought by Advanced Rx nor volunteered by Plaintiff. Shortly after she was hired Plaintiff disclosed to Advanced Rx that she was pregnant and that she was expecting in

7. Plaintiff worked without incident at Advanced Rx until December 19, 2014. Due to complications in her pregnancy Plaintiff was rushed to the hospital and her baby was delivered prematurely on December 21, 2014. That same day Plaintiff text messaged her Supervising Pharmacist, Tim Stephens, and informed him of what had happened, that she wanted to keep her job, and would return to work as soon as possible. Mr. Stephens responded by text message that Plaintiff should keep in touch with him regarding her projected return date.

8. On January 8, 2015 Plaintiff sent a text message to Mr. Stephens indicating her desire to return to work on Monday, January 12, 2015. Following her text message Plaintiff received a call from Defendant's Director of Human Resources, Amy

2

McPartland. Ms. McPartland told Plaintiff she could return to work as soon as she provided a note from her doctor that she was medically cleared to return.

9. On January 19, 2015 Plaintiff sent an email to Ms. McPartland informing her that the first appointment she could get with her doctor was January 21, 2015 and that the doctor's office would send the necessary paperwork following the appointment.

10. On January 21, 2015 Ms. McPartland responded to Plaintiff's email. The email stated in part:

> Unfortunately, there have been some changes since you and I spoke last. The December financial reports for the pharmacy have just been completed. After reviewing the reports, it has been determined that the prescription volumes don't warrant a Pharmacy Technician position – a Pharmacist alone should be able to handle the volume. Therefore, we no longer have a Pharmacy Technician position and your employment with Advanced Rx Management will end today.

The email was followed by a letter, also dated January 21, 2015. Plaintiff responded that she really needed to keep her job and would do whatever she could to keep her career with the company. There was no reply.

11. Had Plaintiff not been terminated she and her new born baby would have been eligible to participate in health insurance benefits offered through Advanced Rx starting in January, 2015.

12. Within weeks following her termination Advanced Rx Management posted job openings for a Pharmacy Technician, and hired a Pharmacy Technician at the location that plaintiff had previously worked, and at another local pharmacy it operated.

13. As of the filing of this complaint Plaintiff has been unable to find comparable employment and remains unemployed with a new born child.

3

## COUNT I - GENDER/PREGNANCY DISCRIMINATION, TENNESSEE HUMAN RIGHTS ACT, T.C.A. §4-21-401 *ET. SEQ.*

14. Paragraph 1 through 13 are incorporated herein by reference as though fully set forth.

15. At the time of her termination Plaintiff was qualified for her position and was terminated because she failed to inform defendant that she was pregnant before she was hired and unexpectedly missed work due to pregnancy complications. Plaintiff was released to return to work by her physician, but by that time she had already been terminated by Advanced Rx. Alternatively, and in addition to the above, Plaintiff was terminated because she and her child were about to become eligible for health insurance benefits and she was now a more expensive employee than Defendant anticipated when it hired her because of her new born child. Additionally, Defendant may have anticipated Plaintiff missing substantial work as a single parent. Defendant's motivations for terminating Plaintiff constitute gender/pregnancy discrimination for which Defendant is liable. Defendant's stated reason for the termination is pretext as is evidenced by the fact it advertised for and hired a Pharmacy Technician(s) shortly after her termination.

16. Plaintiff has suffered damages due to the discriminatory conduct of Advanced Rx including back pay, front pay, and compensatory damages.

WHEREFORE, premises considered Plaintiff prays judgment be entered against Defendant for the full amount allowed under Tennessee law not to exceed $250,000, plus attorney's fees and costs.

4

Respectfully submitted,

MCCUNE ZENNER HAPPELL, PLLC

_____
MATHEW R. ZENNER (#018969)
5200 Maryland Way, Suite 120
Brentwood Tennessee 37027
Telephone: (615) 425-3476
Facsimile: (615) 251-6958
Email: mzenner@mzhlawfirm.com
Attorneys for Plaintiff

5